IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELBERT DUBOSE,  ] | |
| ] | |
| Petitioner,  ] | |
| ] | |
| v.   ] | CIVIL ACTION NO. 07-JFG-RRA-1852-S |
| ] | |
| WARDEN GRANT CULLIVER and  ] | |
| THE ATTORNEY GENERAL FOR THE  ] | |
| STATE OF ALABAMA,  ] | |
| ] | |
| Respondents.  ] | |

**MEMORANDUM OPINION**

This is a habeas corpus petition. The sole issued raised by the petitioner is that "he was tried, convicted and sentenced upon an indictment that was not issued by a Grand Jury." The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted and the action dismissed, because the petition is barred by the statute of limitations. The petitioner has filed objections.

Dubose first objects to "the Magistrate['s] statement that by order of the Court, the parties were advised that the respondents' answer would be treated as a motion for summary judgment pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases." Dubose claims that he never received such a notice by the court and that the recommendation should be vacated to allow him an opportunity to respond to the respondents' answer. However, it is clear from the record that Dubose received the respondents' answer to his petition.

The respondents' answer was filed on December 4, 2004. On December 5, 2007, the parties were advised that the answer would be treated as a motion for summary judgment and that the

petitioner would have twenty days to respond to the answer.  The docket sheet reflects that a copy of that order was mailed to the petitioner the same day.  On December 20, 2007, the petitioner filed a "Motion for Leave to Conduct Discovery," in which he stated the following:

>     1.  The Respondent filed its Answer to Petitioner's Habeas Petition, asserting that Petitioner's claims raised in his habeas Petition, that he was denied his Constitutional rights under the fifth, sixth, eighth and fourteenth  amendment to the United States Constitution when he was tried, convicted and sentenced upon an indictment that was not issued by a Grand Jury, is barred because it was not filed within the one-year statute of limitation of Title 28 U.S.C. § 2244(d)(1).
>     2.  Petitioner argues that he is innocent of the charge in which he stands convicted, and that he was never indicted by a Jefferson County Grand Jury, as required by the United States Constitution, Alabama Constitution and Statutory Law, therefore, it would be a fundamental Miscarriage of Justice to allow petitioner's conviction to stand, where there is no legal cause of petitioner's imprisonment by the State of Alabama.

The petitioner went on to request discovery of various state court documents pertaining to his indictment.  On January 2, 2008, the court entered an order denying Dubose's motion for leave to conduct discovery, noting that the "materials sought by the petitioner are irrelevant to the statute of limitations argument made by the respondents, and would have no bearing on an actual innocence argument by the petitioner."  The report and recommendation was entered on February 5, 2008.

Although the petitioner claims that he did not receive the court's order allowing him time to respond to the respondents' answer, he suffered no prejudice as a result of not receiving that order.  In fact, the petitioner did submit a response to the answer, in the form of the discovery motion.  Therefore, Dubose's motion to be allowed time to respond to the respondents' answer is DENIED.

As for the petitioner's claim of actual innocence, the court notes that the Supreme Court has never addressed whether actual innocence is available to overcome the procedural bar of the one-year

statute of limitations established by the AEDPA. However, the Eleventh Circuit Court of Appeals has held that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327. (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

In support of his claim of actual innocence, Dubose simply reiterates the sole ground offered in support of his habeas petition, that "he was never indicted by a Jefferson County Grand Jury as required by the United States Constitution; Alabama Constitution and Statutory Law." Dubose's contention that the indictment was not properly amended is premised on a procedural defect, which

does not establish actual innocence. *See, e.g.*, *Camacho v. Secretary, Department of Corrections*, No. 6:06-cv-1122-Orl-31UAM, 2007 WL 2010765, *3 (M.D. Fla. July 6, 2007)(holding that the petitioner's assertion of actual innocence based upon the claim that the information against him was improperly amended after the expiration of the speedy trial period, thereby divesting the state court of its jurisdiction to convict or sentence him, did not establish that he was actually innocent of the crimes charged); *Richardson v. Crosby*, No. 6:05-cv-1559-Orl-31JGG, 2006 WL 2557363, *2 (M.D. Fla. Sept. 1, 2006)(holding that the petitioner's assertion of actual innocence based upon the claim that the amended information against him did not contain the elements for the offenses or the specific date on which the offenses occurred did not establish that he was actually innocent of the crimes charged); *Groom v. Samuels*, Civil No. 06-1901 (JBS), 2006 WL 1764779, *3 (D.N.J. June 21, 2006) (holding that the petitioner's assertion of actual innocence based on an allegedly defective indictment failed to address whether he was actually innocent of the crimes charged). Furthermore, Dubose has not established that in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, his allegation of actual innocence is insufficient to meet the *Schlup* test.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

DONE and ORDERED 6 March 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.